**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF NEVADA

Case number *(if known)* _____   Chapter ___7___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Maple Mountain Group, Inc. |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 87-0529084 |

**4.** **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 530 S 2000 W | |
| Springville, UT 84663–3047 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Utah | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5.** **Debtor's website** (URL) _____

**6.** **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor  __Maple Mountain Group, Inc._____  Case number (*if known*) _____
         Name

**7.  Describe debtor's business**  A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☒ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor  __Maple Mountain Enterprises, Inc._____  Relationship  __Parent_____

District  __District of Nevada_____  When  _6_/_225_  Case number, if known  _25-13199-mkn_

Debtor    Maple Mountain Group, Inc. _____    Case number (if known) _____
        Name

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____

        Number, Street, City, State & ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes.   Insurance agency _____

           Contact name _____

           Phone _____

---

## ▮ Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☒ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | Maple Mountain Group, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___June 2, 2025___
MM / DD / YYYY

**X** /s/ Thomas S. Avila _____        Thomas S. Avila _____
Signature of authorized representative of debtor        Printed name

Title ___Chief Restructuring Officer___

---

**18. Signature of attorney**

**X** /s/ Samuel A Schwartz _____        Date ___June 2, 2025___
Signature of attorney for debtor        MM / DD / YYYY

Samuel A Schwartz 10985 _____
Printed name

Schwartz _____
Firm name

601 E Bridger Ave
Las Vegas, NV 89101 _____
Number, Street, City, State & ZIP Code

Contact phone ___(702) 802-2238___        Email address ___kperez@nvfirm.com___

10985 NV _____
Bar number and State

---

**United States Bankruptcy Court**
**District of Nevada**

In re  Maple Mountain Group, Inc.                                 Case No.

                                              Debtor(s)          Chapter   7

# VERIFICATION OF CREDITOR MATRIX

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   June 2, 2025                         /s/ Thomas S. Avila
                                                Thomas S. Avila/Chief Restructuring Officer
                                                Signer/Title

Samuel A Schwartz
601 E Bridger Ave
Las Vegas, NV 89101


Alabama Department of Revenue
Sales and Use Tax Division
P.O. Box 327790
Montgomery, AL 36132-7790


Arizona Department of Revenue
P.O. Box 29010
Phoenix, AZ 85038-9010


Arkansas Dept of Finance and Admin
Sales and Use Tax Section
P.O. Box 3566
Little Rock, AR 72203


Arkansas Dept. of Dept Finance and Admin
Corporation Income Tax Section
Little Rock, AR 72203-0919


Business Tax Division
445 East Capital Avenue
Pierre, SD 57501


California Dept. of Tax & Fee Admin.
PO Box 942879
Sacramento, CA 94279


California Franchise Tax Board
P.O. Box 942857
Sacramento, CA 94257-0501


Clark County Assessor
c/o Bankruptcy Clerk
500 S. Grand Central Pkwy Box 551401
Las Vegas, NV 89155-1401


Clark County Treasurer
c/o Bankruptcy Clerk
500 S. Grand Central Pkwy PO Box 551220
Las Vegas, NV 89155-1220


Colorado Department of Revenue
P.O. Box 17087
Denver, CO 80217


Comptroller of Maryland
Revenue Administration Division
P.O. Box 1829
Annapolis, MD 21404


Connecticut Dept of Revenue Services
450 Columbus Blvd., Suite 1
Hartford, CT 06103

Departmento de Hacienda
Area de Recaudaciones
P.O. Box 9024140
San Juan, PR 00902-4140


Dept. of Employment, Training and Rehab
Employment Security Division
500 E. Third Street
Carson City, NV 89713


District of Columbia
Office of Tax and Revenue
P.O. Box 96169
Washington, DC 20090-6169


Florida Department of Revenue
5050 We. Tennessee Street
Mail Stop 3-2000
Tallahassee, FL 32399-0112


Georgia Department of Revenue
P.O. Box 105408
Atlanta, GA 30348-5408


Hawaii Dept of Taxation
P.O. Box 1425
Honolulu, HI 96806-1425


Idaho State Tax Commission
P.O. Box 76
Boise, ID 83707-0076


Illinois Department of Revenue
P.O. Box 19041
Springfield, IL 62794-9041


Indiana Department of Revenue
P.O. Box 7218
Des Moines, IA 50306


Internal Revenue Service
Attn: Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346


Iowa Department of Revenue
P.O. Box 10412
Des Moines, IA 50306-0412


Kansas Dept of Revenue
P.O. Box 3506
Topeka, KS 66625-3506


Kentucky Dept of Revenue
Division of Sales and Use Tax
P.O. Box 181
Frankfort, KY 40602-0181

Louisiana Dept of Revenue
P.O. Box 3138
Baton Rouge, LA 70821-3138


Maine Revenue Services
P.O. Box 1064
Augusta, ME 04332-1064


Massachusetts Dept of Revenue
P.O. Box 419540
Boston, MA 02241-9540


Michigan Department of Treasury
Collection Services Bureau
P.O. Box 30199
Lansing, MI 48909


Minnesota Dept of Revenue
Mail Station 6330
600 N. Robert Street
Saint Paul, MN 55146-6330


Mississippi Dept of Revenue
P.O. Box 1033
Jackson, MS 39215-1033


Missouri Dept of Revenue
P.O. Box 840
Jefferson City, MO 65105-0840


Missouri Dept of Revenue
P.O. Box 700
Jefferson City, MO 65105-0700


Nebraska Dept of Revenue
P.O. Box 94818
Lincoln, NE 68509-4818


Nevada Dept of Taxation
4600 Kietzke Lane,
Building L, Suite 235
Henderson, NV 89052


New Jersey Division of Taxation
P.O. Box 999
Trenton, NJ 08646-0999


New Mexico Taxation and Revenue Dept
P.O. Box 25122
Santa Fe, NM 87504-5122


North Carolina Dept of Revenue
P.O. Box 25000
Raleigh, NC 27640-0500

North Carolina Dept of Revenue
Sales and Use Tax
P.O. Box 25000
Raleigh, NC 27640-0640


NYS Dept of Taxation and Finance
Sales Tax Processing
WA Harriman Campus
Albany, NY 12227


Office of State Tax Commissioner
Sales and Use Tax
600 E. Boulevard Avenue Dept. 127
Bismarck, ND 58505-0599


Office of the United States Trustee
300 Las Vegas Blvd. S., Suite 4300
Las Vegas, NV 89101


Ohio Department of Taxation
Sales and Use Tax
P.O. Box 16560
Columbus, OH 43266-0065


Oklahoma Tax Commission
Sales and Use Tax
P.O. Box 26850
Oklahoma City, OK 73194


PA Department of Revenue
Sales and Use Tax
P.O. Box 280905
Harrisburg, PA 17128-0905


PA Dept of Revenue
P.O. Box 280708
Harrisburg, PA 17128-0708


RI Division of Taxation
Registration of Taxation
One Capitol Hill
Providence, RI 02908-5800


South Carolina Dept of Revenue
Sales and Use Tax
P.O. Box 125
Columbia, SC 29214-0101


South Carolina Dept of Revenue
Corporate Taxable
P.O. Box 100151
Columbia, SC 29202


State of Alaska
P.O. Box 110809
Juneau, AK 99811-0809

Tennessee Deptartment of Revenue
Andrew Jackson State office Bldg
500 Deaderick St.
Nashville, TN 37242


Texas Comptroller of Public Accounts
Capitol Station
P.O. Box 13528
Austin, TX 78711-3528


Texas Comptroller of Public Accounts
P.O. Box 149348
Austin, TX 78714-9348


Utah County Assessor's Office
100 East Center Street
Suite 1100
Provo, UT 84606


Utah State Tax Commission
210 North 1950 West
Salt Lake City, UT 84134-0260


Vermont Department of Taxes
133 State Street
1st Floor
Montpelier, VT 05633-1401


Virginia Department of Taxation
P.O. Box 760
Richmond, VA 23218


Washington State Department of Revenue
P.O. Box 47476
Olympia, WA 98504-7476


West Virginia State Tax Dept
Tax Account Administration Division
P.O. Box 784
Charleston, WV 25323-0784


Wisconsin Dept of Revenue
P.O. Box 8921
Madison, WI 53708-8921


Wyoming Dept of Revenue
Excise Tax Division
122 West 25th Street
Cheyenne, WY 82002-0110

# United States Bankruptcy Court
## District of Nevada

In re   Maple Mountain Group, Inc.

Debtor(s)

Case No.

Chapter   7

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Maple Mountain Group, Inc.   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

Maple Mountain Enterprises, Inc.
530 South 2000 West
Springville, UT 84663

☐ None [*Check if applicable*]

June 2, 2025

Date

/s/ Samuel A Schwartz

Samuel A Schwartz 10985

Signature of Attorney or Litigant

Counsel for   Maple Mountain Group, Inc.

Schwartz

601 E Bridger Ave
Las Vegas, NV 89101
(702) 802-2238  Fax:
kperez@nvfirm.com

ACTION BY WRITTEN CONSENT
OF
THE SOLE DIRECTOR
OF
MAPLE MOUNTAIN ENTERPRISES, INC.,
a Nevada corporation
AND
MAPLE MOUNTAIN GROUP, INC.,
a Utah corporation

Effective as of June 2, 2025

The undersigned, being the sole Director of Maple Mountain Enterprises, Inc., a Nevada corporation ("**MME**") and Maple Mountain Group, Inc., a Utah corporation ("**MMG**," and MME, each, a "**Company**" and collectively, the "**Companies**"), hereby adopts the following resolutions ("**Resolutions**") on behalf of the Companies:

WHEREAS, on April 16, 2025, pursuant to that certain *Omnibus Written Consent of the Sole Shareholders of Maple Mountain Enterprises, Inc. and Maple Mountain Group, Inc.* (the "**Resolution**") Cerberus Business Finance Agency, LLC (the "**Shareholder Proxy**") caused Thomas S. Avila (the "**CRO**") to be appointed to serve as both the sole director and the Chief Restructuring Officer of each Company;

WHEREAS, the Resolution allows the CRO to exercise control over certain affiliates, including MME's foreign subsidiaries;

WHEREAS, the Resolution authorized the CRO to, among other things, take or cause to be taken any and all actions, to make all payments, to make any filings or other submissions with any governmental authority, and to negotiate, enter into, execute and deliver any and all agreements, instruments and other documents as may be necessary, appropriate, convenient or proper to effectuate the intent of, and the transactions contemplated by, this Resolution, such agreements, instruments and other documents to be in such form and to contain such terms and conditions as may be necessary, appropriate, convenient or proper;

WHEREAS, at the time of the CRO's appointment, the Companies were not operating, prior management had terminated substantially all of the Companies' employees and maintained a limited group of former employees as independent contractors, and consistent with the authority granted to the CRO, the CRO, acting on behalf of the Companies, and certain affiliates, sold substantially all of the assets and business of the Companies on May 22, 2025;

WHEREAS, the Resolution delegates to the CRO the sole authority to authorize or do any of the following with respect to each Company and/or any of their subsidiaries: (i) file any case, action or proceeding before any court or

governmental authority relating to bankruptcy, reorganization, insolvency, liquidation, receivership, dissolution, winding-up or other relief of debtors; or (ii) make any general assignment for the benefit of creditors, composition, marshaling of assets for creditors, or other similar arrangement in respect of its creditors generally or any substantial portion of its creditors; in each case of the foregoing clauses (i) and (ii), undertaken under U.S. federal, state or foreign law, including, without limitation, Title 11 of the United States Code (11 U.S.C. §§ 101, et seq., as amended, the "**Bankruptcy Code**");

**WHEREAS**, the various transactions and actions contemplated herein, including the commencement of cases under chapter 7 of the Bankruptcy Code and other ancillary or parallel insolvency proceedings in various jurisdictions by the Companies constitute Restructuring Matters with respect to the Companies (the transactions and actions described herein collectively, the "**Restructuring Transactions**");

**WHEREAS**, prior to the date hereof, consistent with the authority granted to the CRO in the Resolution, the CRO considered the matters described herein, determined them to be the best interests of the Companies, their creditors, and other parties in interest, and recommended that the Companies authorize the Restructuring Transactions;

**WHEREAS**, the CRO has considered the financial and non-operational condition of such Company, including, without limitation, the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, and liquidity situation of the Companies, the strategic alternatives available to them and the effect of the foregoing on such Company's business, and solely with respect to the Companies, the relative risks and benefits of pursuing cases under the provisions of chapter 7 of the Bankruptcy Code;

**WHEREAS**, the CRO has consulted with the management and legal advisors of such Company and fully considered each of the strategic alternatives available to such Company, including the Restructuring Transactions;

**WHEREAS**, the CRO has reviewed and considered its need to employ individuals and/or firms as counsel, professionals, consultants, or financial advisors to represent and assist such Companies in carrying out its duties in connection with the cases under the Bankruptcy Code; and

**WHEREAS**, the undersigned deems it advisable and in the best interests of the Companies and their creditors, interest holders, and other parties in interest, to consent to and adopt, in the name of and on behalf of the Companies, the following resolutions:

**NOW THEREFORE BE IT RESOLVED**, that the CRO hereby is, authorized, empowered and directed to enter into, and to take any and all actions necessary or advisable to

advance the Restructuring Transactions, including filing pleadings; and in connection therewith, with power of delegation, is hereby authorized and directed to execute such documents and agreements deemed necessary or appropriate, and to take all necessary actions in furtherance of consummation of such agreements' terms; and it is further

**RESOLVED**, that in the judgment of the CRO, it is desirable and in the best interests of such Company, its creditors, and other parties in interest, that such Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief (the "**Chapter 7 Cases**") under the provisions of chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**"); and it is further

**RESOLVED**, that the CRO be, and hereby is, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action the CRO deems necessary or appropriate to obtain such relief; and it is further

**RESOLVED**, that the CRO be, and hereby is, authorized and directed to, in the name of and on behalf of each applicable Company, employ the law firm of Schwartz Law, PLLC as general bankruptcy counsel to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including the preparation and filing of any pleadings and other documents in the Chapter 7 Cases; and in connection therewith, the CRO, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Schwartz Law, PLLC; and it is further

**RESOLVED**, that the CRO be, and hereby is, authorized and directed to, in the name of and on behalf of each applicable Company, employ any other professionals to assist each such Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the CRO, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED**, that the CRO be, and hereby is, with power of delegation, authorized, empowered and directed to, in the name of and on behalf of each applicable Company, execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the CRO deems necessary, proper, or desirable in connection with each such Company's Chapter 7 Case; and it is further

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred , the CRO (and his or her designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, ratify, certify, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited

to, filing fees, in each case as in the CRO's (or his or her designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is further

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Company; and it is further

**RESOLVED**, that the CRO be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as the CRO shall deem necessary or desirable in such the CRO's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and it is further

**RESOLVED**, that the CRO, in his discretion, is hereby authorized to give and receive all notices, approvals, and other documents and instruments, and to take any other action on behalf of the Companies and that all actions by the CRO, shall be final and binding on Companies; and it is further

**RESOLVED**, that the execution these Resolutions represents the action by written consent of the sole Director; and it is further

**RESOLVED**, that any actions taken by the CRO, prior to the date hereof, that are within the authority conferred by these Resolutions are hereby ratified, confirmed, and approved as the acts and deeds of this Company; and further;

**RESOLVED**, that these Resolutions may be executed in two or more counterparts, each of which shall be deemed an original, but all of which will constitute the same Resolutions. The parties agree to accept signed copies of these Resolutions transmitted by electronic mail or electronic facsimile copies as original documents. The parties acknowledge that copies of these Resolutions transmitted over the Internet may result in different type styles and type sizes, different pagination, and different formatting than the original of these Resolutions in possession of the party sending the Resolutions. The parties agree that any such copies of these Resolutions shall be accepted by the parties as true and correct originals hereof so long as the actual text of the Resolutions remains the same.

The persons signing hereby represent and warrant that they have the actual authority to sign this Action by Written Consent. This Action by Written Consent shall be filed in the Minute Book of each Company and become a part of the records of each Company.

IN WITNESS WHEREOF, the undersigned have executed this Action by Written Consent as of the Effective Date.

**MAPLE MOUNTAIN ENTERPRISES, INC.**

By _____
Thomas S. Avila, solely in his capacity as the Sole Director and the Chief Restructuring Officer

**MAPLE MOUNTAIN GROUP, INC.**

By _____
Thomas S. Avila, solely in his capacity as the Sole Director and the Chief Restructuring Officer