Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Athanasios E. Agelakopoulos, Esq.
Nevada Bar. No. 14339
aagelakopoulos@nvfirm.com
Emily D. Anderson, Esq.
Nevada Bar No. 13814
eanderson@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: MAPLE MOUNTAIN GROUP, INC., Debtor. | Case No.: 25-13201-MKN Chapter 7 |
|---|---|

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

On June 2, 2025 (the "Petition Date"), MAPLE MOUNTAIN ENTERPRISES, INC. ("**MME**") and MAPLE MOUNTAIN GROUP, INC. ("**MMG**") (each a "Debtor", and collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**") and their cases were assigned, respectively, Case No. 25-13199-MKN (the "**MME Case**") and Case No. 25-13201-MKN (the "**MMG Case**"), each a "Bankruptcy Case" and collectively the "**Bankruptcy Cases**").

The Debtors are filing their Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**SOFA**") (jointly, the "**Schedules and SOFA**") with the

/ / /

Bankruptcy Court pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and SOFA. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and SOFA.

The Schedules and SOFA do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules and SOFA contain unaudited information that is subject to further review, potential adjustment, and reflect the Debtors' commercially reasonable efforts to report its assets and liabilities.

**Global Notes and Overview of Methodology**

1. **"As of" Information Date**. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these notes, is provided as of June 2, 2025 (the "**Petition Date"**) or as close thereto as reasonably practicable under the circumstances.

2. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and SOFA; however, inadvertent errors or omissions may exist. Each Debtor reserves all rights to (i) amend or supplement the Schedules and SOFA from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and SOFA with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and SOFA as to amount, liability, priority, status or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority or avoidability of any Claim. Any failure to designate a Claim in the Schedules and SOFA as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed. Furthermore, nothing contained in any of the Schedules or SOFA shall constitute a waiver of rights with respect to any Bankruptcy Case, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation

of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and SOFA except as may be required by applicable law.

3. **Recharacterization**. Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, each Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and SOFA at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition, and, conversely, whether certain agreements and contracts may constitute executory contracts. Disclosure of information in one or more Schedules, one or more Statement question, or one or more exhibits or attachments to the Schedules and SOFA, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

4. **Liabilities**. The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and SOFA. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, each Debtor reserves all of its rights to amend, supplement, or otherwise modify the Schedules and SOFA as is necessary or appropriate.

5. **Insiders.** For purposes of the Schedules and SOFA, the Debtors defined "**insiders**" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtor; (d) relatives of the Debtor's directors, officers or persons in control of the Debtor; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules and SOFA, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, each Debtor does not take any position with respect to: (a) any insider's influence over the control of the Debtor; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtor or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

6. **Intellectual Property Rights.** Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

7. **Classifications**. Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "priority," (c) a Claim on Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by any Debtor of the legal

rights of the claimant or a waiver of any Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

8. **Claims Description.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a Debtor's Schedules and SOFA as "disputed," "contingent," or "unliquidated" does not constitute an admission by any Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Each Debtor reserves all of its rights to dispute, or assert offsets or defenses to, any Claim reflected on its Schedules and SOFA on any grounds, including liability or classification. Additionally, each Debtor expressly reserves all of its rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by any Debtor.

9. **Causes of Action**. Despite its commercially reasonable efforts to identify all known assets, a Debtor may not have listed all of its causes of action or potential causes of action against third-parties as assets in the Schedules and SOFA, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Each Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") it may have, and neither these Global Notes nor the Schedules and SOFA shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

10. **Unknown or Undetermined Amounts.** Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

11. **Signature.** The Schedules and Statements are signed by Thomas S. Avila, Chief Restructuring Officer for the Debtors and an authorized signatory of the Debtors. In reviewing and signing the Statements and Schedules, Mr. Avila has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Avila has not (and could not) personally verified the accuracy of each statement and representation contained in the Statements and Schedules, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

12. **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

a. **Estimates and Assumptions**. Because of the timing of the filings, the Debtors were required to make certain estimates and assumptions that may have affected the reported amounts of these assets and liabilities. Actual results could differ from those estimates, perhaps materially. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

b. **Payables, Credits and Adjustments**. Claims of creditors are listed in the amounts recorded on the Debtors' books and records, based on invoices received and other relevant documentation from or contracts with such creditors. These amounts may not reflect certain credits, set-offs, allowances, or other adjustments due from such creditors.

c. **Leases**. Nothing in the Schedules and Statements is, or shall be construed , an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired).

d. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation net operating losses, accrued salaries, and employee benefit accruals. The Debtors have also excluded rejection damages claims of counterparties to executory contracts and unexpired leases that may (or may not) be rejected. In addition, certain immaterial assets and liabilities may have been excluded.

e. **Executory Contracts and Unexpired Leases**. Executory contracts and unexpired leases have been set forth on Schedule G but are incorporated into Schedule A/B as applicable. The Schedules and Statements do not reflect any claims or estimates for contract rejection damages.

f. **Causes of Action**. Despite efforts to identify known assets, the Debtors may not have listed all their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law it may have, and neither these notes nor the Schedules and Statements shall be deemed a waiver of any such claims or causes of action or in any way prejudice or impair the assertion of such claims or causes of action.

g. **Accounting**. There may be instances within the Schedules and Statements where title to an asset is with one of the Debtor holding companies but in the ordinary course of conduct arising prior to these cases such assets have been accounted for as being owned

or held by another Debtor holding company. The Debtors do not believe that any such instances are material, and the Schedules or Statements generally treat such items consistent with past practices.

h. **Confidentiality.** There may be instances within the Schedules and Statements where names and/or addresses have been redacted or left blank out of concerns for confidentiality or privacy of individuals, including without limitation employee addresses. To the extent that certain addresses are withheld, the Debtor will make such addresses available upon reasonable request subject to any applicable law.

[END]

**Fill in this information to identify the case:**

Debtor name Maple Mountain Group, Inc.

United States Bankruptcy Court for the: DISTRICT OF NEVADA

Case number (if known) 25-13201-MKN

☐ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/25

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1: Income**

1. **Gross revenue from business**

☒ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From 02/01/2025 to Filing Date | Sublease | $166,032.19 |
| **For prior year:**<br>From 01/01/2024 to 12/31/2024 | Sublease | $811,422.14 |
| **For year before that:**<br>From 01/01/2023 to 12/31/2023 | Sublease | $777,628.11 |

**Part 2: List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1. Please see attached as exhibit A | | $6,150,110.52 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |



Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3: Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Reagen Cox and Mariah Sperry v. Maple Mountain Group, INC. d/b/a Modere, INC<br>2:25-cv-00314-AMA-DBP | Civil | United States District Court, District of Utah<br>351 S. W Temple<br>Salt Lake City, UT 84101 | ☒ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

**Part 4: Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5: Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None



Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|
| Ransomware attack | 0.00 | December 2024-January 2025 | Unknown |

**Part 6: Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Schwartz Law PLLC<br>601 E Bridger Ave<br>Las Vegas, NV 89101 | | | $0.00 |

**Email or website address**
kperez@nvfirm.com

**Who made the payment, if not debtor?**

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 . | Cerberus Business Finance Agency LLC<br>875 Third Avenue, 12th Floor<br>New York, NY 10022 | Ceberus receivedpayment from the sale ofsubstantially all of the businessand assets to Liquid CollagenAcquistion, LLC, an affiliate ofShaklee Corporaton pursuant tothe Foreclosure and AssetPurchase Agreement | 5/22/2025 | $18,000,000.00 |

**Relationship to debtor**

**Part 7: Previous Locations**



Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | 180 North University Avenue, Sixth Floor<br>Provo, UT 84604 | 11/01/2023-05/05/2025 |
| 14.2. | 1330 Avenue of the Americas<br>New York, NY 10012 | 10/01/2021-08/31/2023 |
| 14.3. | 4000 MacArthur Blvd.<br>Newport Beach, CA 92660 | 10/15/2015-05/05/2025 |
| 14.4. | 150 East 400 North<br>Salem, UT 84653 | 1994-Present |

## Part 8: Health Care Bankruptcies

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

## Part 9: Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☒ Yes. State the nature of the information collected and retained.

Name, address, phone, email, tax id, SSN

Does the debtor have a privacy policy about that information?
☐ No
☒ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☒ Yes. Does the debtor serve as plan administrator?

☐ No Go to Part 10.
☒ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| Modere 401(k) Plan; Contract Number 12885 | EIN: 87-0499639 |

Has the plan been terminated?
☒ No
☐ Yes

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units



Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

## Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No.
☐ Yes. Provide details below.



Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13: Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name address | Describe the nature of the business | Employer Identification number (Do not include Social Security number or ITIN.) / Dates business existed |
|---|---|---|---|
| 25.1. | Modere USA, Inc.<br>530 S. 2000 W<br>Springville, UT 84663 | Sales to Social Marketers/Customers | EIN: 45-0522124<br>From-To 07/15/2023-Present |
| 25.2. | Modere UK Limited<br>Shakespeare House 42<br>Newmarket Rd.<br>Cambridge, UK CB5 8EP | Service Provider | EIN: 2332007447<br>From-To 11/18/1992-Present |
| 25.3. | Neways de Mexico SA de CV<br>530 S 2000 W<br>Springville, UT 84663 | Dormant | EIN:<br>From-To 11/15/1993-Present |
| 25.4. | Modere Canada Enterprises, Inc.<br>550 Burrard St. Bentall 5 Suite 2300<br>Vancouver, BC V6C 2B5 | Sales to Social Marketers/Customers | EIN: 872565023 RT0001<br>From-To 01/22/1999-Present |
| 25.5. | Jusuru International Inc.<br>530 S 2000 W<br>Springville, UT 84663 | Holds goodwill from acquisition | EIN: 26-3756875<br>From-To 11/19/2008-Present |

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| | Name and address | Date of service From-To |
|---|---|---|
| 26a.1. | Gregory Gittens<br>783 E 17th Street<br>Brooklyn, NY 11230 | 11/13/2023-04/11/2025 |
| 26a.2. | Shane Ware<br>18126 E. Allen Shore Drive<br>Cypress, TX 77433 | 03/08/2008-09/01/2023 |



Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

| | Name and address | Date of service From-To |
|---|---|---|
| 26a.3. | Rad Clark<br>4101 Timpview Drive<br>Provo, UT 84604 | 04/17/2024-04/11/2025 |
| 26a.4. | Dwight Robbins<br>70 W. 1560 S.<br>Orem, UT 84058 | 11/29/2011-03/15/2024 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and address | Date of service From-To |
|---|---|---|
| 26b.1. | Grant Thornton<br>155 North 400 West Suite 135<br>Cedar Valley, UT 84013 | 12/31/2023-Present |
| 26b.2. | Gregory Gittens<br>783 E. 17th St.<br>Brooklyn, NY 11230 | 11/13/2023-04/11/2025 |
| 26b.3. | Shane Ware<br>18126 E. Allen Shore Dr.<br>Cypress, TX 77433 | 03/08/2008-09/01/2023 |
| 26b.4. | Rad Clark<br>4101 Timpview Dr.<br>Provo, UT 84604 | 04/17/2024-04/11/2025 |
| 26b.5. | Dwight Robbins<br>70 W. 1560 S.<br>Orem, UT 84058 | 11/29/2011-03/15/2024 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | Grant Thornton<br>155 North 400 West Suite 135<br>Salt Lake City, UT 84103 | |
| 26c.2. | Zcap<br>1330 Avenue of Americas 16th Floor<br>New York, NY 10019 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

**Name and address**



Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Maple Mountain Enterprises Inc | 588 South 2000 West<br>Springville, UT 84663 | Equity Shareholder | 100% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Maple Mountain Enterprises, Inc. | **EIN:** 87-0529084 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|



Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

Debtor Maple Mountain Group, Inc. Case number *(if known)* 25-13201-MKN

**Part 14: Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2025

/s/ Thomas S. Avila
Signature of individual signing on behalf of the debtor

Thomas S. Avila
Printed name

Position or relationship to debtor Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☒ No
☐ Yes



Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com Best Case Bankruptcy