Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY, LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: JImes@FICLegal.com

*Attorneys for Troy S. Fox, Chapter 7 Trustee*

FOX, IMES & CROSBY, LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>MAPLE MOUNTAIN GROUP, INC.,<br><br>Debtor. | Case No. BK-S-25-13201-MKN<br><br>Chapter 7<br><br>**NOTICE OF INTENT TO SERVE SUBPOENA FOR PRODUCTION OF DOCUMENTS TO HSBC BANK USA, N.A.**<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

**TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL**:

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 45(a)(4) and Fed. R. Bankr. P. 9016, TROY S. FOX (the "Trustee"), Chapter 7 Trustee for the above-captioned bankruptcy estate of MAPLE MOUNTAIN GROUP, INC., by and through his undersigned counsel, intends to serve a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspections of Premises in a Bankruptcy Case (or Adversary Proceeding)* in the form attached hereto as **Exhibit "1,"** on HSBC Bank USA, N.A.

DATED: July 30, 2025.

*/s/ Jason A. Imes*
Jason A. Imes, Esq.
FOX, IMES & CROSBY, LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
*Attorneys for Troy S. Fox, Chapter 7 Trustee*

# EXHIBIT "1"

# UNITED STATES BANKRUPTCY COURT

District of Nevada

In re MAPLE MOUNTAIN GROUP, INC.
Debtor

Case No. 25-13201-mkn

*(Complete if issued in an adversary proceeding)*

Chapter 7

Plaintiff
v.

Adv. Proc. No. ______________

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: HSBC Bank USA, N.A.
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Fox, Imes & Crosby, LLC, 601 S. 10th Street, Suite 202, Las Vegas, NV 89101; (702) 382-1007; jimes@ficlegal.com | August 14, 2025; 4:00 p.m. Pacific |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/30/25

CLERK OF COURT

OR

______________________________
*Signature of Clerk or Deputy Clerk*

______________________________
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Troy S. Fox, Chapter 7 Trustee , who issues or requests this subpoena, are:

Jason A. Imes, Esq., FOX, IMES & CROSBY, LLC, 601 S. 10th St, Suite 202, Las Vegas, NV 89101; (702) 382-1007; jimes@ficlegal.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A - Subpoena to HSBC Bank USA, N.A.**
**In re Maple Mountain Group, Inc.**
(District of Nevada Bankruptcy Case No. 25-13201-mkn)

## I. Definitions

1. "TIME PERIOD": JUNE 1, 2023, through PRESENT

2. "DEBTOR": MAPLE MOUNTAIN GROUP, INC. (EIN: 87-0529084)

3. "HSBC": HSBC Bank USA, N.A.

3. "ACCOUNTS": Any HSBC account where DEBTOR is/was an owner, account holder, and/or signatory, including but not limited to HSBC account nos. ending 8835, and 7990;

   **AND** any other HSBC bank account held in the name of:

   a. Neways, Inc
   b. Modere, Inc.;
   c. Modere USA, Inc.; **or**
   d. M Exports, Inc.

## II. Documents to be Produced:

To assist with the Trustee's investigation of DEBTOR's financial history, please provide copies of the following for all above-noted ACCOUNTS, during the TIME PERIOD:

a. Copies of all bank statements;

b. Copies of all signature cards (including initial opening signature cards, amendments, **and any deposit account control agreements**);

c. Copies of all deposits slips **and offsets**, deposit and e-deposit check copies, and any other related images;

d. Copies of all communications between HSBC and the DEBTOR, **including** email notifications of wire transfers; and

e. Copies of all wire information detail reports (incoming and outgoing), withdrawal slips, check copies, and any other related images

## III. Delivery Format and Method:

For the convenience of all parties, documents should be produced in digital .PDF format (or .MSG format for electronic mail) in lieu of paper production and should be suitably indexed. The digital files may be produced to requesting counsel via cloud storage service, flash drive, external hard drive, or CD.